**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MOTION DYNAMICS, INC.,**

        **Plaintiff,**

vs.                                          Case No.  8:05-cv-2370-T-17MSS

**NU-BEST FRANCHISING, INC.,** *et al.*,

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**THIS COMES** before the Court for consideration of Plaintiff's Emergency Motion for Appointment of a Receiver and Memorandum of Law (Dkt. 12) (the "Emergency Motion").  Defendants failed to respond to Plaintiff's Emergency Motion.  Plaintiff is seeking the appointment of a receiver *pendente lite*.

**Background**

Plaintiff, Motion Dynamics, Inc., is an Ohio-based corporation that has been engaged in the business of providing x-ray services in accordance with a Franchise Agreement with Defendant, Nu-Best Franchising, Inc.  Defendant, John Postlethwaite owns, and/or jointly owns with his wife, Linda Postlethwaite, all of the shares of stock in Nu-Best Franchising, Inc., VF-Works, Inc., DMX, Works, Inc., Nu-Best Diagnostic Labs, Inc., Nu-Best Whiplash Injury Center, Inc., Turbo-Med, Inc. and S.I.U. Inc., as well as all of the membership rights in Rum Point Properties, LLC.

On September 8, 2004, Plaintiff, Motion Dynamics, Inc., obtained an arbitration award from the American Arbitration Association ("AAA") ordering Defendants, Nu-Best Franchising, Inc., VF-Works, Inc. and John and Linda Postlethwaite to pay $274,000.  In

addition, on February 9, 2005, the AAA arbitrator also found the Defendants liable for Plaintiff's attorney's fees and costs, which were determined to be $46,643.58.  On September 10, 2004, Plaintiff filed a Motion to Confirm the September 8, 2004, award in the District Court for the Northern District of Ohio.  On January 3, 2005, the District Court for the Northern District of Ohio granted Plaintiff's Motion to Confirm the Award and entered an Order confirming the award.  A Motion to Confirm the February 9, 2005, award (Dkt. 20) is pending before this Court in Nu-Best Franchising, Inc., *et al.* v. Motion Dynamics, Inc., *et al.*, 8:05-cv-507-T-27TGW.

Following the Ohio District Court's confirmation of the award, Plaintiff, in accordance with Florida Statutes §§ 55.501, *et seq.*, recorded the judgment in the Sixth Judicial Circuit Court for Pinellas County, Florida, where the Defendants reside and conduct business.  Subsequently, Defendants appealed the judgment confirming the arbitration award to the United States Court of Appeals for the Sixth Circuit and, while the appeal is pending, have requested an unsecured stay of execution in three separate courts, the Northern District of Ohio, the Sixth Judicial Circuit Court for Pinellas County, Florida and in this District in Nu-Best Franchising, Inc., *et al.* v. Motion Dynamics, Inc., *et al.*, 8:05-cv-507-T-27TGW (Dkts.23 and 25). Plaintiff informs the Court that Defendants' requests were denied in all three cases and that Defendants have yet to post a bond.[1]  It bears noting that in Nu-Best Franchising, Inc., *et al.* v. Motion

---

[1] This Court in Nu-Best Franchising, Inc., *et al.*, v. Motion Dynamics, Inc., *et al.*, 8:05-cv-507-T-27TGW granted both plaintiffs' Motion to Stay Enforcement of Interim Award (Dkt. 23) and  the Emergency Motion to Stay Enforcement of Arbitration Award on the condition of the posting of a cash/surety bond in the amount of $351,000.00 (Dkt. 26).  The Court's Order did not specify a date by which the bond must be posted.

Dynamics, Inc., et al., 8:05-cv-507-T-27TGW, Defendants have filed a Motion to Vacate both of the AAA awards (Dkt. 14), which is still pending.

On June 21, 2005, Plaintiff filed a judgment lien with the Florida Department of State in accordance with Florida Statute § 56.202.  On July 13, 2005, Plaintiff's representative and counsel traveled to Florida to attempt execution on Defendants' personal property.  Because the personal residence of Defendants, John and Linda Postlethwaite (located in Palm Harbor at 1760 Lago Vista Boulevard) and three watercraft (a Maui Marine outboard motorboat and two Proline outboard motorboats) were outside the reach of the sheriff for levy proposes or placed beyond the sheriff's reach, Plaintiff was only able to retrieve and sell a 2003 Hummer in satisfaction of the judgment, leaving a remaining balance of $262,303.84.

Plaintiff informs the Court that the "only appreciable" assets owned by the judgment debtor corporations Nu-Best Franchising, Inc. and VF-Works, Inc. are loans due from shareholders (i.e., John and/or Linda Postlethwaite) and loans due from the non-debtor corporate and limited liability company defendants (i.e. Defendants, DMX, Works Inc., Nu-Best Diagnostic Labs, Inc., Nu-Best Whiplash Injury Center, Inc., Turbo-Med, Inc., S.I.U., Inc. and Defendant, Rum Point Properties, LLC).

Plaintiff further informs the Court that the non-judgment debtor corporations do own assets that include, but are not limited to:

1. A parcel of commercial property located at 4159 Corporate Court, Palm Harbor, Florida (containing business and medical equipment) owned by Defendant, Rum Point Properties, LLC;

2. A parcel of commercial property located at 2801 Alt. Route 19, North in Palm Harbor, Florida (containing business and medical equipment) owned by Defendant, Rum Point Properties, LLC;

3. A 1999 Jaguar owned by Defendant, Nu-Best Diagnostics Labs, Inc.; and,

4. A 2002 Ford Econoline custom van equipped with x-ray equipment owned by Defendant, DMX-Works, Inc.

Plaintiff claims that only by "appointment of a receiver and liquidation of the non-judgment debtor corporations can the outstanding balance due on the judgment be satisfied." (Dkt. 1 at 9).

**Analysis**

In support of its Emergency Motion, Plaintiff states that

> To determine whether the appointment of a receiver is warranted, the Eleventh Circuit has approved the application of the following six factors: (1) fraudulent conduct on the part of the defendant; (2) imminent danger that property will be lost or squandered; (3) the inadequacy of available legal remedies; (4) the probability that harm to the plaintiff by denial of the appointment would be greater than the injury to parties opposing appointment; (5) the plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property; and (6) whether the interests if the plaintiff and others sought to be protected will in fact be well served in the receivership.

(Dkt. 12 at 8) (citing Consolidated Rail Corp. v. Fore River Railway Co., 861 F.2d 322, 326-27 (1st Cir. 1988) which is cited with approval in Nat'l Partnership Investment Corp. v. Nat'l Housing Development Corp., 153 F.3d 1289, 1291 (11th Cir. 1998) and Chase Manhattan Bank, N.A. v. Turabo Shopping Center, Inc., 683 F.2d 25, 26-27 (1st Cir. 1982)).

Plaintiff claims and the Undersigned finds that "all of the factors cited by the courts in Consolidated Rail and Chase Manhattan Bank support the appointment of a receiver in the instant case." (Dkt. 12 at 8). For example, in support of the first factor

listed "fraudulent conduct on the part of the defendant," Plaintiff calls the Court's attention to two transfers of real property, specifically the parcels located at 4159 Corporate Court and 2801 Alt. Route 19 mentioned above, executed by Mr. Postlethwaite from one entity he owns, Nu-Best Diagnostic Labs, to another entity he owns, Rum Point Properties, LLC.  As Plaintiff further notes, "insider" transfers such as these are considered to be one of the "badges of fraud" for the purpose of establishing a fraudulent conveyance." (Dkt. 12 at 9) (citing to Amjad Munim, M.D., P.A. v. Azar, 648 So.2d 145, 152 (Fla. App. 4th Dist. 1994)). In addition, in support of the second factor "imminent danger that the property will be lost or squandered," Plaintiff informs the Court that Mr. Postlethwaite, through the transfer of real property to Rum Point Properties, LLC, has impaired the value of his shares of stock in Nu-Best Diagnostic Labs, Inc.  In addition, Plaintiff provides proof that Mr. Postlethwaite has encumbered the fixtures and equipment of his other company, DMX Works, Inc.  Plaintiff alleges that such an encumbrance has reduced the value of Mr. Postlethwaite's stock in DMX Works, Inc.  Because Defendants failed to file a response, the Undersigned has no contrary information to consider.

    The Undersigned, realizing that the appointment of a receiver is a matter of some consequence, does not make the recommendation to appoint a receiver lightly.  The appointment of a receiver is available "only in necessitous situations to persons who have standing. Standing comes about generally by virtue of a legal or equitable claim, such as a claim of ownership of the property in controversy, or a lien or property right therein . . . ."  See Warrington v. First Valley Bank, 531 So.2d 986, 987 (Fla. App. 4th Dist. 1988) (citing to 44 Fla. Jur.2d Receivers § 4 (1984)).  In this case, Plaintiff is a

judgment creditor whose Motion to Confirm the September 8, 2004, award has already been approved by the District Court for the Northern District of Ohio.

While Defendants are vigorously appealing and moving to vacate the AAA awards in this and other Courts, Plaintiff has demonstrated to the satisfaction of the Undersigned that Defendants have likely engaged in conduct that, without the appointment of a receiver, will pose a substantial threat that the property at issue will be lost, squandered or significantly diminished in value.

Plaintiff has not provided the Court with the names and credentials of any potential receivers. However, the Undersigned reports and recommends that attorney, John E. "Sean" Johnson, of the law firm of Trenam, Kemker, *et al.*, be appointed as a receiver in this case.

**Conclusion**

For the reasons outlined above the Undersigned reports and recommends that attorney, John E. "Sean" Johnson be appointed as a receiver (the "Receiver") in this case, to manage the assets and income of Nu-Best Franchising, Inc., VF-Works, Inc., DMX Works, Inc., Nu-Best Diagnostic Labs, Inc., Nu-Best Whiplash Injury Center, Inc., Turbo-Med, Inc., S.I.U., Inc. and Rum Point Properties, LLC (collectively the "Corporations").  In accordance with that appointment, the Receiver, upon execution and filing an Oath of Receiver, is hereby authorized, empowered and directed to:

1.  Take immediate possession of all of the property and assets of Corporations including but not limited to all, machinery, equipment, furniture, fixtures, inventory, accounts, deposit accounts, utility deposits, other deposits, franchises, patents, trademarks, copyrights, and any other intellectual property, rights,

privileges, or effects, books, records, accounting records, federal, state and local tax returns, securities, mortgages, stocks, bonds, debentures, computers, computer disks, banks statements, checks, and all real property of the Corporations wherever situated, and to administer such assets and property as is directed to comply with the directions contained in this Order, and to hold all assets and property pending further Order of this Court;

2. Enter upon, gain access to, and take possession of the Corporations' assets and property to use, operate, manage, control, preserve and/or sell;

3. Engage persons in his discretion to assist him in carrying out his duties and responsibilities as Receiver, including but not limited to the retention of the accounting firm of Rivero, Gordimer & Company, P.A., appraisers, or other consultants as needed;

4. Undertake any and all acts necessary in his sole discretion to comply with applicable laws, orders, directives and permits, provided that the Receiver shall have no liability for taking or refraining to take any such action relating to the condition of the Corporations' assets or property;

5. Assume control of and be named as authorized signatory for all accounts at any bank, brokerage firm or financial institution which has possession, custody or control of any assets or funds, wherever situated, of the Corporations, and upon Order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary;

6. Receive all income and profits from the use, operation, collection, sale, lease or other disposition of the Corporations' assets and property; to care for, preserve,

protect, secure and maintain the Corporations' assets and property, until they are sold and to incur the reasonable expenses necessary for such care, preservation and maintenance;

7. Demand, collect, and receive all revenues, income, and profits currently in the possession, custody, or control of Defendants, John and Linda Postlethwaite, or now due and hereafter coming due from the operation of the Corporations, and to keep the Corporations' assets and property insured and in good repair, provided, however, that nothing herein shall compel the Receiver to use his own funds to do any of the foregoing;

8. Subject to five (5) days advance notice to Plaintiff, Motion Dynamics, Inc. and the Corporations and Defendants, John and Linda Postlethwaite, through their counsel of record herein, to pay from the income, to the extent that funds are available, the current monthly direct expenses of the Receivership, including expenses associated with the ordinary and necessary storage, repair and maintenance to any of the Corporations' assets or property;

9. Access and take possession of any monies and funds on deposit in any banks and/or savings and loan associations in the name of the Corporations, and the Receiver's receipt of said monies and funds shall discharge said banks and/or savings and loan associations from further responsibility for accounting to the Corporations for monies and funds for which the Receiver shall give his receipt;

10. Take possession of all the books and records pertaining to the Corporations and the Corporations' assets and property, wherever located, as the Receiver deems necessary for the proper administration, management and/or control of the

      Receivership, but the books and records shall be made available to the Corporations and Defendants, John and Linda Postlethwaite and their counsel upon request; and to receive, open, read, and respond to all mail addressed to the Corporations or Defendants, John and Linda Postlethwaite, with the exception of correspondence addressed to the Defendants, John and Linda Postlethwaite by their counsel;

11. Negotiate and enter into contracts that are necessary or incidental to preserving, protecting, managing and/or controlling the Corporations and the Corporations' assets or property;

12. Remit any of the proceeds from the sales of or the collection of the Corporations' accounts receivable to Plaintiff, Motion Dynamics, Inc., until the indebtedness owed to Plaintiff, Motion Dynamics, Inc., has been paid in full, as long as this occurs after making provision for the payment of actual and estimated costs and expenses in accordance with this Order, inclusive of the fees and costs of the Receiver;

13. Establish bank accounts for the deposit of monies and funds collected and received in connection with the operation of Corporations and administration of the Receivership with a bank approved by Plaintiff, Motion Dynamics, Inc., and to transfer all monies and funds on deposit in the name of the Corporations or Defendants, John and Linda Postlethwaite upon the entry of this order into such accounts; provided that any funds on deposit are insured up to customary limits by an agency of the United States of America;

14. Institute ancillary proceedings in this state or other states as are necessary to preserve and protect any of the Corporations' assets or property or to provide advice and counsel to the Receiver, and the Receiver may engage the services of additional legal counsel, if necessary, without further application to the Court and on such terms as the Receiver may deem appropriate; and subject to compliance with the foregoing, the Receiver may pay for such reasonable legal services from the funds from the Corporations. To this end, counsel for the Receiver shall send to Plaintiff, Motion Dynamics, Inc., copies of his/her monthly invoices, and Plaintiff, Motion Dynamics, Inc., shall have a period of ten (10) days after receipt of each invoice within which to send a written objection to such invoices to counsel for the Receiver.  If a written objection is timely made by Plaintiff, Motion Dynamics, Inc., then no fees and expenses that are subject to such objection may be paid until the earlier to occur of (i) execution by Plaintiff, Motion Dynamics, Inc., of written consent to payment, or (ii) entry of an order by this Court authorizing and directing such payment.  Notwithstanding anything to the contrary contained in this Order, the Receiver shall neither incur nor pay fees and expenses of counsel to the Receiver in an aggregate amount in excess of $25,000 without prior written consent from Plaintiff, Motion Dynamics, Inc.;

15. Determine the value of the Corporations, to receive and evaluate purchase offers for any of the Corporations' assets and property, and to sell all right, title, and interest of Defendants, John R. Postlethwaite and/or Linda Postlethwaite in, to, and under the Corporations, subject to approval of Plaintiff, Motion Dynamics,

      Inc. and this Court, and to remit the proceeds from any disposition of the Corporations; and,

16. Do any and all other acts which could be carried out lawfully by a corporation in the State of Florida where said acts are necessary for the carrying out of the final settlement of the unfinished business of the Corporations and the winding down of their affairs.

In accordance with the duties and responsibilities set forth above, the Receiver shall file a full and complete inventory of all the Corporations' assets and property giving a description of said property and its probable value. Furthermore, the Receiver shall thereafter provide this Court, on a bi-monthly basis, an accounting showing all receipts and disbursements by the Receiver and any sale or other activity as it relates to the Corporations.  The first report shall cover all such activities during the months of March and April 2006 and are to be filed with this Court on or before May 10, 2006, with all future reports to be filed by the 10th day of each subsequent bi-monthly period of time as set forth herein.

To the extent Receivership Assets are sold over which Plaintiff, Motion Dynamics, Inc., has a lien, the Receiver shall have authority to immediately distribute such sale proceeds to Motion Dynamics, Inc.

No bond shall be required in connection with the appointment of the Receiver. Except for gross negligence and intentional misconduct, the Receiver, his attorneys and other professionals employed by the Receiver shall not be liable for any loss, claim or damage relating in any way to the performance, attempted performance or inaction of the Receiver with respect to the rights, duties and authority of the Receiver hereunder.

This Court hereby retains jurisdiction of this cause for all purposes including, without limitation, amending or modifying this Order, providing additional instructions to the Receiver, or enforcing any provisions of this Order at the request of any party in interest after proper notice and hearing thereof.

The Receiver shall be entitled to reasonable compensation from the Corporations' assets or property plus reasonable out-of-pocket expenses. All fees and expenses shall be commensurate with their duties and obligations under the circumstances and are subject to approval this Court. If the Corporations' assets or property are insufficient to meet the reasonable compensation requirements of the Receiver, any shortfall shall be allocated equally among the parties to this case or as the Court on consideration of a motion may direct.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on this 2nd day of March 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record