**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MOTION DYNAMICS, INC.,

      Plaintiff,

vs.                          CASE NO. 8:05-CIV-2370-T-17-MSS

NU-BEST FRANCHISING, INC.,
et al.,

    Defendants.

_____/

**<u>ORDER ADOPTING  REPORT AND RECOMMENDATION</u>**

      This cause is before the Court on the report and recommendation (R&R) issued by Magistrate Judge Mary S. Scriven on March 2, 2006 (Docket No. 29).  The magistrate judge recommends that the Court grant the motion for appointment of receiver (Docket No. 12). Further, the magistrate judge recommends the appointment of John E. "Sean" Johnson, of Trenam, Kemker, *et al.,* as receiver to manage the assets and income of Nu-Best Franchising, Inc., VF-Works, Inc., DMX Works, Inc., Nu-Best Diagnostics Labs, Inc., Nu-Best Whiplash Injury Center, Inc., Turbo-Med, Inc., S.I.U., Inc., and Rum Point Properties, LLC (the Corporations) and set forth recommended the authority and empowerment that the receiver should have upon execution and filing of the Oath of Receiver.

CASE NO. 8:05-CIV-2370-T-17-MSS

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the parties had ten (10) days after service to file written objections to the proposed findings and recommendations, or be barred from attacking the factual findings on appeal. **Nettles v. Wainwright**, 677 F.2d 404 (5th Cir. 1982) (en banc).  The defendants filed objection to the report and recommendation (Docket No. 33) and the plaintiff responded to the that filing (Docket No. 37).

**STANDARD OF REVIEW**

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a <u>de</u> <u>novo</u> review of the record with respect to that factual issue.  28 U.S.C. § 636(b)(1); **U.S. v. Raddatz**, 447 U.S. 667 (1980); **Jeffrey S. v. State Board of Education of State of Georgia**, 896 f.2d 507 (11th Cir. 1990). However, when no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard.  **Gropp v. United Airlines, Inc.,** 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

The defendants assert that the report and recommendation should be rejected and vacated as being legally and factually unsupportable or, in the alternative, that the defendants should be provided with a hearing.  Initially, the defendants assert that they were not properly served and, therefore, they were unable to respond to the motion for appointment of receiver. As pointed out by the plaintiff, counsel for the defense filed his appearance in this case on February 15, 2006, fifteen days prior the issuance of the report and recommendation.  The defendants filed nothing to challenge the pending motion to appoint receiver nor did they request any extension of time to respond to the clearly pending motion.  The Court does not find this argument to be well-taken.  The defendants failed to oppose the motion as they should have at the time the appearance was made in this case and the Court finds no reason to allow them to profit from this failure by vacating the report and recommendation or even by

2

CASE NO. 8:05-CIV-2370-T-17-MSS

returning it to the magistrate judge for further consideration.

The remaining issue is whether the facts and evidence support the appointment of a receiver. The Court finds that the defendants' position is unsupportable. The Court has reviewed the report and recommendation and made an independent review of the record. Upon due consideration, the Court concurs with the report and recommendation. Accordingly, it is

**ORDERED** that the report and recommendation, dated March 2, 2006 (Docket No. 29) be **adopted** and **incorporated by reference**; the motion for appointment of receiver (Docket No. 12) be **granted**; John E. "Sean" Johnson, of Trenam, Kemker, *et al.,* **shall be appointed** as receiver *pendente lite* to manage the assets and income of Nu-Best Franchising, Inc., VF-Works, Inc., DMX Works, Inc., Nu-Best Diagnostics Labs, Inc., Nu-Best Whiplash Injury Center, Inc., Turbo-Med, Inc., S.I.U., Inc., and Rum Point Properties, LLC (the Corporations) and the receiver, upon execution and filing of the Oath of Receiver, is authorized, empowered and directed to:

> 1.Take immediate possession of all of the property and assets of the Corporations including but not limited to all, machinery, equipment, furniture, fixtures,inventory, accounts, deposit accounts, utility deposits, other deposits, franchises, patents, trademarks, copyrights, and any other intellectual property, rights, privileges, or effects, books, records, accounting records, federal, state and local tax returns, securities, mortgages, stocks, bonds, debentures, computers, computer disks, banks statements, checks, and all real property of the Corporations wherever situated, and to administer such assets and property as is directed to comply with the directions contained in this Order, and to hold all assets and property pending further Order of this Court;

> 2. Enter upon, gain access to, and take possession of the Corporations' assets and property to use, operate, manage, control, preserve and/or sell;

CASE NO. 8:05-CIV-2370-T-17-MSS

3. Engage persons in his discretion to assist him in carrying out his duties and responsibilities as Receiver, including but not limited to the retention of the accounting firm of Rivero, Gordimer & Company, P.A., appraisers, or other consultants as needed;

4. Undertake any and all acts necessary in his sole discretion to comply with applicable laws, orders, directives and permits, provided that the Receiver shall have no liability for taking or refraining to take any such action relating to the condition of the Corporations' assets or property;

5. Assume control of and be named as authorized signatory for all accounts at any bank, brokerage firm or financial institution which has possession, custody or control of any assets or funds, wherever situated, of the Corporations, and upon Order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary;

6. Receive all income and profits from the use, operation, collection, sale, lease or other disposition of the Corporations' assets and property; to care for, preserve, protect, secure and maintain the Corporations' assets and property, until they are sold and to incur the reasonable expenses necessary for such care, preservation and maintenance;

7. Demand, collect, and receive all revenues, income, and profits currently in the possession, custody, or control of Defendants, John and Linda Postlethwaite, or now due and hereafter coming due from the operation of the Corporations, and to keep the Corporations' assets and property insured and in good repair, provided, however, that nothing herein shall compel the Receiver to use his own funds to do any of the foregoing;

8. Subject to five (5) days advance notice to Plaintiff, Motion Dynamics, Inc. and the Corporations and Defendants, John and Linda Postlethwaite, through their counsel of record herein, to pay from the income, to the extent that funds are available, the current monthly direct expenses of the Receivership, including expenses associated with the ordinary and necessary storage, repair and maintenance to any of the Corporations' assets or property;

9. Access and take possession of any monies and funds on deposit in any banks and/or savings and loan associations in the name of the Corporations, and the Receiver's receipt of said monies and funds shall discharge said banks and/or savings and loan associations from further responsibility for accounting to the Corporations for monies and funds for which the Receiver shall give his receipt;

CASE NO. 8:05-CIV-2370-T-17-MSS

10. Take possession of all the books and records pertaining to the Corporations
and the Corporations' assets and property, wherever located, as the Receiver
deems necessary for the proper administration, management and/or control of
the Receivership, but the books and records shall be made available to the
Corporations and Defendants, John and Linda Postlethwaite, and their counsel
upon request; and to receive, open, read, and respond to all mail addressed to
the Corporations or Defendants, John and Linda Postlethwaite, with the
exception of correspondence addressed to the Defendants, John and Linda
Postlethwaite, by their counsel;

11. Negotiate and enter into contracts that are necessary or incidental to
preserving, protecting, managing and/or controlling the Corporations and the
Corporations' assets or property;

12. Remit any of the proceeds from the sales of or the collection of the
Corporations' accounts receivable to Plaintiff, Motion Dynamics, Inc., until
the indebtedness owed to Plaintiff, Motion Dynamics, Inc., has been paid in
full, as long as this occurs after making provision for the payment of actual and
estimated costs and expenses in accordance with this Order, inclusive of the
fees and costs of the Receiver;

13. Establish bank accounts for the deposit of monies and funds collected and
received in connection with the operation of Corporations and administration of
the Receivership with a bank approved by Plaintiff, Motion Dynamics, Inc., and to
transfer all monies and funds on deposit in the name of the Corporations or
Defendants, John and Linda Postlethwaite, upon the entry of this order into such
accounts; provided that any funds on deposit are insured up to customary limits
by an agency of the United States of America;

14. Institute ancillary proceedings in this state or other states as are necessary
to preserve and protect any of the Corporations' assets or property or to
provide
advice and counsel to the Receiver, and the Receiver may engage the services
of additional legal counsel, if necessary, without further application to the Court
and on such terms as the Receiver may deem appropriate; and subject to
compliance with the foregoing, the Receiver may pay for such reasonable legal
services from the funds from the Corporations. To this end, counsel for the
Receiver shall send to Plaintiff, Motion Dynamics, Inc., copies of his/her monthly
invoices, and Plaintiff, Motion Dynamics, Inc., shall have a period of ten (10) days
after receipt of each invoice within which to send a written objection to such
invoices to counsel for the Receiver. If a written objection is timely made by
Plaintiff, Motion Dynamics, Inc., then no fees and expenses that are subject to

CASE NO. 8:05-CIV-2370-T-17-MSS

such objection may be paid until the earlier to occur of (I) execution by Plaintiff, Motion Dynamics, Inc., of written consent to payment, or (ii) entry of an order by this Court authorizing and directing such payment. Notwithstanding anything to the contrary contained in this Order, the Receiver shall neither incur nor pay fees and expenses of counsel to the Receiver in an aggregate amount in excess of $25,000.00 without prior written consent from Plaintiff, Motion Dynamics, Inc.;

15. Determine the value of the Corporations, to receive and evaluate purchase offers for any of the Corporations' assets and property, and to sell all right, title, and interest of Defendants, John R. Postlethwaite and/or Linda Postlethwaite in, to, and under the Corporations, subject to approval of Plaintiff, Motion Dynamics, Inc. and this Court, and to remit the proceeds from any disposition of the Corporations; and,

16. Do any and all other acts which could be carried out lawfully by a corporation in the State of Florida where said acts are necessary for the carrying out of the final settlement of the unfinished business of the Corporations and the winding down of their affairs.

In accordance with the duties and responsibilities set forth above, the Receiver shall file a full and complete inventory of all the Corporations' assets and property giving a description of said property and its probable value. Furthermore, the Receiver shall thereafter provide this Court, on a bi-monthly basis, an accounting showing all receipts and disbursements by the Receiver and any sale or other activity as it relates to the Corporations. The first report shall cover all such activities during the months of March and April 2006 and are to be filed with this Court on or before May 22, 2006, with all future reports to be filed by the 10th day of each subsequent bi-monthly period of time as set forth herein.

To the extent Receivership Assets are sold over which Plaintiff, Motion Dynamics, Inc., has a lien, the Receiver shall have authority to immediately distribute such sale proceeds to Motion Dynamics, Inc.

No bond shall be required in connection with the appointment of the Receiver. Except for gross negligence and intentional misconduct, the Receiver, his attorneys and other professionals employed by the Receiver shall not be liable for any loss, claim or damage relating in any way to the performance, attempted performance or inaction of the Receiver with respect to the rights, duties and authority of the Receiver hereunder. This Court hereby retains jurisdiction of this cause for all purposes including without limitation, amending or modifying this Order, providing additional instructions to the Receiver, or enforcing any provisions of this Order at the request of any party in interest after proper notice and hearing thereof.

6

CASE NO. 8:05-CIV-2370-T-17-MSS

The Receiver shall be entitled to reasonable compensation from the Corporations' assets or property plus reasonable out-of-pocket expenses.  All fees and expenses shall be commensurate with their duties and obligations under the circumstances and are subject to approval of this Court.  If the Corporations' assets or property are insufficient to meet the reasonable compensation requirements of the Receiver, any shortfall shall be allocated equally among the parties to this case or as the Court on consideration of a motion may direct.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 20th day of April, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record
Assigned Magistrate Judge